ALD-234                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4704
_____

LEONARD THOMPSON,
                                        Appellant

v.

MATTHEW D'EMILIO; DEANNE H. D'EMILIO
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 2-13-cv-00015)
Magistrate Judge:  Honorable Maureen P. Kelly
_____

Submitted for Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 15, 2014
Before:  RENDELL, FISHER and GREENAWAY, JR., <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 29, 2014 )
_____

OPINION
_____

PER CURIAM

        Leonard Thompson appeals pro se from the District Court's order, through a

Magistrate Judge acting on the parties' consent pursuant to 28 U.S.C. § 636(c)(1),

dismissing his complaint.  We will affirm.

        Thompson filed suit pro se against Matthew D'Emilio and Deanne D'Emilio.

Thompson appears to alleges that Matthew D'Emilio helped him incorporate a business in 1993 and that Deanne D'Emilio held Thompson's shares in the corporation in trust for him. Thompson further alleges that he later learned that Matthew D'Emilio never incorporated the business as promised. Thompson did not set forth any particular cause of action, but he later represented to the District Court that his claims were for "fraud, unjust enrichment, conspiracy and self-dealing," and he sought monetary damages.

Acting on defendants' motion to dismiss, the District Court dismissed Thompson's complaint under Rule 12(b)(1) for lack of subject matter jurisdiction. The District Court concluded that Thompson had not established either diversity jurisdiction under 28 U.S.C. § 1332 or federal question jurisdiction under 28 U.S.C. § 1331, and it dismissed his complaint without leave to amend because it concluded that amendment would be futile for those reasons.

Thompson appeals pro se and has submitted an informal brief, but he has neither acknowledged the basis for the District Court's rulings nor provided any reason to question them. There is no arguable basis to do so. Regarding diversity jurisdiction, Thompson alleges in his complaint that both he and Deanne D'Emilio are residents of Pennsylvania but that Matthew D'Emilio is a resident of Delaware. The District Court concluded that Thompson did not establish diversity jurisdiction because his complaint does not suggest that the amount in controversy exceeds $75,000. The District Court also concluded, on the basis of the parties' representations in their briefs, that Thompson did not establish that Matthew D'Emilio is a citizen of Delaware instead of Pennsylvania as Matthew D'Emilio claims to be. Thompson has not challenged the District Court's

2

resolution of those issues, but the District Court need not even have reached them because Thompson alleged that both he and Deanne D'Emilio are residents of Pennsylvania and thus did not establish the complete diversity of citizenship necessary for diversity jurisdiction. See Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 247 (3d Cir. 2013).

Regarding subject matter jurisdiction, the District Court concluded that Thompson's complaint, liberally construed, asserts claims arising only under state law and cannot be read to present any federal question. Thompson has not argued on appeal that he intended to assert any federal claim, and we agree with the District Court's assessment of his complaint. We add only that the District Court's dismissal of the complaint is without prejudice to Thompson's ability to seek whatever relief might be available him to state court, an issue on which we express no opinion.

For these reasons, we will affirm the judgment of the District Court.